Order filed August 31,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00109-CV 

                                                    __________

 

 ARBOR CONSULTING, INC.
D/B/A REAL GREEN PEST AND LAWN, Appellant

                                                             V.

     BETTER BUSINESS
BUREAU INC. OF AUSTIN, TEXAS, Appellee



 

                                   On
Appeal from the 126th District Court

                                                            Travis
County, Texas

                                           Trial Court
Cause No. D-1-GN-10-002852

 



 

                                                                     O
R D E R

            Arbor
Consulting, Inc. d/b/a Real Green Pest and Lawn, plaintiff below, filed a
notice of appeal from the trial court’s “Order Granting Defendant’s Motion for
Summary Judgment” in favor of the Better Business Bureau Inc. of Austin, Texas. 
Based on a review of the record, it has become apparent to this court that the
order is not a final, appealable judgment.  Consequently, we abate the appeal
pursuant to Tex. R. App. P. 27.2
to permit the trial court to render a final judgment.

            Except
for “a few mostly statutory exceptions,” this court’s jurisdiction is limited
to appeals from final judgments.  Lehmann v. Har-Con Corp., 39 S.W.3d
191, 195 (Tex. 2001).  We determine whether a judgment is a final, appealable
judgment based on the language in the judgment and the record of the case.  Id. 
A judgment is final and appealable if it disposes of all parties and claims in
the case.  Id.

            The
Better Business Bureau filed a counterclaim against Arbor Consulting in the
trial court.  In the counterclaim, the Better Business Bureau asserted a cause
of action for breach of contract, requested damages for breach of contract, and
sought attorney’s fees.  In its amended motion for summary judgment, the Better
Business Bureau moved for summary judgment on Arbor Consulting’s claims.  The
Better Business Bureau also moved for summary judgment on its breach-of-contract
claim.  In the order from which Arbor Consulting appeals, the trial court ordered
that “the Amended Motion for Summary Judgment is GRANTED as to Defendant,” that
“Plaintiff’s claims against the Defendant be dismissed in their entirety with
prejudice,” and that “Plaintiff shall take nothing of and from Defendant.”  The
trial court stated in the order that “THIS ORDER CONSTITUTES A FULL AND FINAL
DISMISSAL WITH PREJUDICE OF ALL CLAIMS IN THIS CASE.”

            Although
the trial court’s order may purport to be final, it did not dispose of the
Better Business Bureau’s breach-of-contract claim.  The trial court did not
render judgment in favor of the Better Business Bureau on its breach-of-contract
claim nor did the trial court award attorney’s fees to the Better Business
Bureau.  Because Arbor Consulting had not moved for summary judgment on the
Better Business Bureau’s breach-of-contract claim, the trial court could not
grant summary judgment in favor of Arbor Consulting on the Better Business
Bureau’s breach-of-contract claim.  Nothing in the record shows that this
breach-of-contract claim has been disposed of or severed.

            We
hold that the trial court’s order is not a final judgment; it does not dispose
of all parties and all claims.  Because the trial court has not disposed of all
the claims before it, we do not have jurisdiction to entertain an appeal at
this time.  We abate the appeal pursuant to Rule 27.2 so that the trial
court may render a final judgment.  The trial court is instructed to do so on
or before October 31, 2011, and the court reporter and district clerk are
ordered to file any supplemental records relating to the entry of a final
judgment within seven days after entry of judgment by the trial court.  

            The
appeal is abated.             

 

August 31, 2011                                                                     PER
CURIAM

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.